## TEN MILE LUMBER CO. *v.* GARNER.

[78 South. 66, Division B.]

1. MASTER AND SERVANT. *Injury to servant. Tools and appliances. Wrongful use.*

   Where an employee was injured by a flying splinter while he was attempting to straighten a cant hook by placing it upon an ax and striking it with a steel maul, it is immaterial, so far as the master's liability is concerned, whether the splinter came from the ax or the maul where both tools at the time of the accident were being used for a purpose for which they were not intended or furnished.

2. SAME.

   In such case it was immaterial whether the employee was authorized to carry the tools to the shop for repairs, where he was not directed to use the tools as he did when injured.

APPEAL from the circuit court of Stone county.
HON. J. H. NEVILLE, Judge.

On suggestion of error. For former opinion see 78 So. 776.

The facts are fully stated in the opinion of the court.

*Tally & Mayson,* for appellant.

*Mize & Mize* and *J. C. Ross,* for appellee.

Ethridge, J., delivered the opinion of the court.

It is insisted in the suggestion of error that we misunderstood the facts of the record, and that the piece of steel which caused plaintiff's injury came from the ax, not the steel maul. It is also insisted that the steel maul was intended to be used by the steel gang for the purpose of laying the track, and that the bridge gang, of which appellee was a member, used a maul of this kind for the purpose of driving bolts to hold the bridge timbers together, and to straighten or repair any metal tools in the absence of a blacksmith.

We think it is immaterial whether the steel came from the maul or the ax, and that the use to which the tools were being put is not the use for which they were furnished the laborers in this case. All of the plaintiff's witnesses testify that the lumber company furnished a blacksmith shop which was the proper place to repair tools. It is insisted that appellee, plaintiff below, was not authorized to carry the tools to the shop for repairs. It is immaterial whether he was authorized to do so or not. He was not directed by the master to use the tool in the manner it was used when the injury occurred.

The suggestion of error is, accordingly, overruled.

*Overruled.*